## FISHER vs. ELLIS & al.

To an action of debt on a bond taken pursuant to *Stat.* 1821, *ch.* 282, respecting poor debtors, a plea of performance in the words of the condition will be sufficient; though the condition, as prescribed in the statute, does not include all which, by the same statute, is necessary to be done for the debtor's enlargement.

THIS was an action of debt on a gaol-bond, taken pursuant to *Stat.* 1824, *ch.* 282; conditioned that the debtor should appear at the house of a certain justice of the *quorum* on a certain day, being the day appointed for taking the poor debtor's oath; and in case the justices to whom the notification might be returned should not allow his discharge, that he should, within ten days thereafter, surrender himself to the officer who made the arrest, or to the keeper of the goal. The defendants, after *oyer*, pleaded performance of the bond, in the words of the condition. To which the plaintiff demurred.

*N. Emery* and *R. Washburn*, in support of the demurrer, argued that the statute and the bond should be taken together, the latter being virtually conditioned for a compliance with all the requisites of the statute. Hence it should appear that the debtor had caused the creditor to be notified of the time and place appointed for taking the oath; that the notification was returned to two justices of the *quorum*, before whom the debtor appeared at the time appointed; that the justices made a record of their proceedings, and forthwith certified the same to the gaoler; that the officer had notice of these proceedings, and that he was thereby entitled to commit the debtor to prison; and that the execution was still in force. If the latter was not true, a surrender to the officer was nugatory and improper; it should have been made to the keeper of the prison. The plea, being silent in all these respects, is substantially bad.

*R. Goodenow*, for the defendants, cited *Story's Pl.* 294, *note*; *Baker v. Haley*, 5 *Greenl.* 243; 1 *Chitty's Pl.* 522; *Bailey v. Rogers*, 1 *Greenl.* 186.

WESTON J. delivered the opinion of the Court, at the ensuing *July* term in *Waldo.*

The statute of 1824, *ch.* 282, introduced certain new provisions in favor of debtors arrested on execution, who might be desirous of being discharged upon taking the oath, prescribed by the act for the relief of poor debtors. It is not uncommon that laws, innovating upon the course required by former laws, are found defective in practice; requiring subsequent explanation, or additional provisions to render them effectual. Whether difficulties of this kind led to a repeal of this act, which took place in four years after its passage, by *Stat.* 1828, *ch.* 410, or whether the legislature became dissatisfied with the policy of the act, we have no means of ascertaining. Upon examining its provisions, and comparing the act with the condition of the bond before us, we find that it conforms thereto; but it does not appear to be sufficient to secure the performance of all the duties, which the law doubtless intended to impose upon the debtor.

The statute does not in terms direct who shall cause the notification to the creditor to be served and returned; or who shall cause two justices of the peace and of the *quorum* to convene, at the time and place appointed for the caption of the oath. As the law was made for the benefit of the debtor, we have no doubt these duties were intended to be imposed upon him; and if the bond had been conditioned for their performance, which the security of the creditor required, a failure in either of these duties would have constituted a breach of the bond. To multiply or extend the conditions against a surety, would neither be legal nor reasonable. He might well say, *non in hæc fœdera veni*; and this ought to be in all cases a sufficient answer.

The defendants have pleaded a performance of all the conditions expressed, or necessarily implied, in the bond. This has been admitted by the demurrer. It is urged that this plea is insufficient, because it is not therein averred that the debtor caused the creditor to be notified, or that such notice was returned; or that he appeared before two justices of the *quorum*; or that a certificate of the justices was returned to the keeper of the gaol; or that the execu-

tion was in force at the time of the surrender.   All this, except keeping the execution in force, which could not devolve upon the debtor, it might be very necessary and proper for him to do, or cause to be done; but they are duties to which the condition of the bond does not extend.   If it does not secure what the legislature intended, we have no authority to enlarge its terms.

If the conditions have not been performed in good faith, or there has been any fraudulent conduct on the part of the defendants, the plea might have been avoided by a replication, containing averments to this effect.                                         *Plea in bar adjudged good.*